IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LEONARD DAVIS,                          )
                                        )
                  Plaintiff,            )
                                        )
v.                                      )        Case No. CIV-12-1273-M
                                        )
OKLAHOMA DEPARTMENT OF                  )
CORRECTION, *et al.*,                   )
                                        )
                  Defendants.           )

## REPORT AND RECOMMENDATION

Inmate Leonard Davis challenges the validity of a prison policy through a suit against

the Oklahoma Department of Corrections, its director (Justin Jones), the governor (Mary

Fallin), and the Office of the Oklahoma Attorney General.  Three of these defendants — the

Department of Corrections, governor (in her official capacity), and attorney general's office

— are entitled to dismissal because they enjoy Eleventh Amendment immunity.

## ELEVENTH AMENDMENT IMMUNITY

On its own motion, the Court can consider the applicability of the Eleventh

Amendment,[1] which bars suit in federal court against a state or state agency.[2]  The Oklahoma

---

[1]      *United States v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008).

[2]      *Muscogee (Creek) Nation v. Oklahoma Tax Commission*, 611 F.3d 1222, 1227 (10th Cir.
2010).

Department of Corrections and the Oklahoma Attorney General's Office are state agencies;[3] consequently, they enjoy Eleventh Amendment immunity regardless of the relief sought.[4] In light of this immunity, the Court should summarily dismiss the claims against the Oklahoma Department of Corrections and the Oklahoma Attorney General's Office.

In her official capacity, Governor Mary Fallin is also entitled to dismissal under the Eleventh Amendment.

When official-capacity claims for equitable relief are prospective, they are not ordinarily subject to the Eleventh Amendment.[5] Relief is considered "prospective" when it is "designed to end a continuing violation of federal law [and is] necessary to vindicate the federal interest in assuring the supremacy of that law."[6] But the Supreme Court has cautioned that the exception for prospective claims applies only when the officer being sued is responsible for the alleged conduct:

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer

---

[3]     *See Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (holding that as a state agency, the Oklahoma Attorney General's Office enjoyed immunity under the Eleventh Amendment); *Eastwood v. Department of Corrections of State of Oklahoma*, 846 F.2d 627, 631-32 (10th Cir. 1988) (holding that the Oklahoma Department of Corrections is entitled to Eleventh Amendment immunity as an "arm of the state").

[4]     *See Higganbotham v. Oklahoma*, 328 F.3d 638, 644 (10th Cir. 2003) ("In the instant case, the plaintiff has directly sued the state and its agencies seeking declaratory and injunctive relief, and Eleventh Amendment immunity squarely applies in these circumstances.").

[5]     *See Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998).

[6]     *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citations omitted).

must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.[7]

Thus, state officers are immune unless they "'have a particular duty to enforce the statute in question.'"[8]

Mr. Davis has sued Governor Fallin for her role in "sanction[ing]" the prison policy.[9] But Mr. Davis has not identified any connection between the governor and the creation or enforcement of the underlying policy.

Under the Oklahoma constitution, Governor Fallin must "faithfully execute[]" the laws of Oklahoma.[10] But the governor has no particular duty to enforce the underlying prison policy.[11]

Governor Fallin does have appointment power, for she must appoint the members of the State Board of Corrections;[12] and the board then "establish[es] polices for the operation

---

[7] *Ex parte Young*, 209 U.S. 123, 157 (1908).

[8] *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010) (citation omitted).

[9] Mot. Contempt U.S. Const. 2, ECF No. 1.

[10] Okla. Const. Art. 6, § 8.

[11] *See Bishop v. Oklahoma*, 333 F. App'x 361, 365 (10th Cir. 2009) (holding that the Oklahoma governor's "generalized duty to enforce state law . . . is insufficient to subject [the governor] to a suit challenging a constitutional amendment [he or she has] no specific duty to enforce" (citations omitted)).

[12] Okla. Stat. tit. 57 § 503.

of the Department [of Corrections]" and hires a DOC Director.[13]   In turn, the director establishes "rules and regulations for the operation of the Department, consistent with the general policies established by the Board."[14]  Thus, the governor has the power to appoint the board and the board can hire a director of the department of corrections; but the director — not the governor — establishes the policies.  Under this statutory scheme, the governor's appointment power does not trigger an exception to the Eleventh Amendment and the governor enjoys immunity in her official capacity.[15]

SUMMARY

I recommend that the Court summarily dismiss the claims against the Oklahoma Department of Corrections, the Oklahoma Attorney General's Office, and Governor Mary Fallin in her official capacity.  The dismissal should be without prejudice because the Eleventh Amendment would not prevent suit in state court.[16]

---

[13]      Okla. Stat. tit. 57 § 504(b)(1), (6).

[14]      Okla. Stat. tit. 57 § 507(b).

[15]      *See Confederated Tribes & Bands of the Yakama Indian Nation v. Locke*, 176 F.3d 467, 469-70 (9th Cir. 1999) (holding that the governor's power to appoint members of a state agency did not strip the governor of Eleventh Amendment immunity because the governor had no responsibility to operate the matter in dispute); *D.G. v. Henry*, 591 F. Supp. 2d 1186, 1189-90 (N.D. Okla. 2008) (stating that Oklahoma governors enjoy Eleventh Amendment immunity in part because the power to appoint board members of an agency did not create a responsibility to administer the agency).

[16]      *See Wideman v. Colorado*, 409 F. App'x 184, 186 (10th Cir. 2010) (upholding the dismissal of Eleventh Amendment claims, but remanding with instructions to make the dismissal without prejudice).

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to this report and recommendation by filing an objection with the Clerk of this Court by January 28, 2013.[17]  The failure to timely object would foreclose appellate review of the suggested rulings.[18]

## STATUS OF THE REFERRAL

The referral is not discharged.

Entered this 11th day of January, 2013.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[17]     *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (West 2011 supp.).

[18]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).