IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEONARD DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-1273-M |
| | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| CORRECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The Court should revoke leave to proceed *in forma pauperis*.

When the action began, the Plaintiff was housed at the James Crabtree Correctional Center.  In light of his incarceration, the Court granted pauper status and ordered installments on the filing fee.  Mail sent to Mr. Davis at the James Crabtree Correctional Center has been returned with notations: "Returned to Sender" and "RTS Not Here."[1]  In light of Mr. Davis's departure from the James Crabtree Correctional Center, the Court ordered him to update information on his finances and warned that failure to comply could result in revocation of pauper status.[2]  Mr. Davis has not complied with the order to furnish additional financial information, and his deadline expired a week ago.[3]

---

[1]      Docs. 11-12.

[2]      Doc. 9.

[3]      Mr. Davis is likely unaware of the order because he has not informed the clerk of his new address.  But the order is deemed "delivered" because it was sent to Mr. Davis's last known address. *See* LCvR 5.4(a).

"Leave to proceed without prepayment of fees and costs is a privilege, not a right."[4] Thus, when circumstances change, a court must determine whether the plaintiff retains eligibility for pauper status.[5]

The Court has a continuing duty to ensure the Plaintiff's eligibility for pauper status. However, the Court has been unable to fulfill this duty because Mr. Davis has disobeyed the order to supplement information about his financial condition.

With violation of the order, the Plaintiff has continued to enjoy pauper status without oversight. In these circumstances, the Court should revoke pauper status and order Mr. Davis to pay the remainder of the filing fee within 21 days.[6]

The Plaintiff may object to this report and recommendation by February 28, 2013.[7] To do so, the Plaintiff must file a written objection with the Court Clerk for the United States

---

[4]    *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) (citation omitted).

[5]    *See Treff v. Galetka*, 74 F.3d at 197 ("when a litigant's financial condition improves during the course of the litigation, the district court may require him or her to pay fees and costs" (citations omitted)); *see also Young v. Knight*, 113 F.3d 1248, 1997 WL 297692, Westlaw op. at 1 (10th Cir. June 5, 1997) (unpublished op.) ("waiver of the initial partial filing fee . . . does not relieve plaintiff of his obligation to pay the partial fee at such time as his resources permit"); *accord Prade v. Jackson & Kelly*, 941 F. Supp. 596, 597 n.1 (N.D. W.Va. 1996) (stating that the court can dismiss the proceeding or require payment of the filing fee if the plaintiff obtains pauper status and his economic status improves during the pendency of the action), *aff'd*, 135 F.3d 770 (4th Cir. Feb. 24, 1998) (unpublished op.).

[6]    *See* LCvR 3.3(e).

[7]    *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(d), 72(b)(2).

District Court, Western District of Oklahoma.[8] If the Plaintiff fails to timely object, he would waive his right to appellate review over the suggested ruling.[9]

This report terminates the referral.  If the Plaintiff pays the remainder of the filing fee within 21 days of the district judge's order, the undersigned would suggest a new referral for further proceedings.

Entered this 11th day of February, 2013.

_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge

---

[8]     *See* 28 U.S.C. § 636(b)(1).

[9]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).